

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| DONALD BRANDT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:06-01938-HFF-WMC |
| | § | |
| JONATHAN OZMINT, Director, S.C. | § | |
| Department of Corrections, and TOM | § | |
| CARTER, Sheriff, Allendale County, | § | |
| | § | |
| Respondents. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 24, 2009, and Respondents filed their objections to the Report on May 12, 2009.[1]

First, Respondents object to the Magistrate Judge's application of a de novo standard of review instead of a deferential standard of review under 28 U.S.C. § 2254. The Court need not reach this determination, however, because the result is the same whether it applies a de novo standard of review or a deferential standard of review under § 2254.

Under the standard set forth in § 2254, if a state court adjudicated a claim on the merits, a federal court cannot grant a petition for habeas corpus unless the state court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). On the other hand, a de novo standard of review is appropriate if a state court renders a final judgment in a case without adjudicating a claim on the merits. *Weeks v. Angelone*, 176 F.3d 249, 258 (4th Cir. 1999). In the Report, the Magistrate Judge determined that the South Carolina Supreme Court failed to adjudicate Petitioner's due process claim on the merits and therefore applied a de novo standard of review.

Assuming instead that the South Carolina Supreme Court adjudicated Petitioner's due process claim on the merits in *Brandt v. Gooding*, 368 S.C. 618, 630 S.E.2d 259 (2006), its holding

---

[1] The Court notes that Respondents' objections were inexplicably filed a day late without leave of the Court; however, in the interests of justice, the Court will still consider the objections.

was contrary to or unreasonably applied controlling federal law. In *Cooke v. United States*, 267 U.S. 517, 534-40 (1925), the United States Supreme Court clearly established when due process rights can be dispensed with and when they are required in criminal contempt proceedings. Therefore, *Cooke* constitutes controlling federal law in this case.[2]

In *Cooke*, a lawyer delivered a letter to the presiding district court judge, demanding recusal and challenging the judge's honor and integrity if he did not disqualify himself. *Id.* at 519-21. The judge determined that the letter constituted contempt and had the lawyer arrested. *Id.* at 521. At a hearing, the district court denied the lawyer time to "secure and consult with counsel, prepare his defense, and call witnesses." *Id.* at 537.

The Court found that the lawyer's right to due process had been violated. *Id.* at 538-40. It noted that when contempt occurs in "open court," the court may summarily sentence the perpetrator without regard to due process rights. *Id.* at 537. Contempt occurs in open court when it is "'under the eye or within the view of the court.'" *Id.* at 536. In that situation, the court has immediate personal knowledge of the contempt, and there is a need for "immediate penal vindication of the dignity of the court." *Id.* Thus, the court can "proceed 'upon its own knowledge of the facts and punish the offender, without further proof, and without issue or trial in any form.'" *Id.* at 535 (*In re Terry*, 128 U.S. 289, 309 (1888)). When contempt occurs outside of open court, however, the alleged perpetrator is entitled to due process rights because the justification for dispensing with them

---

[2] Respondents argue that the Magistrate Judge should have deferred to substantive state law concerning what constitutes direct contempt in open court instead of using federal law. However, the United States Supreme Court has acknowledged that "[28 U.S.C. § 2254(d)(1)] directs federal courts to attend to every state-court judgment with utmost care, but it does not require them to defer to the opinion of every reasonable state-court judge on the content of federal law." *Williams v. Taylor*, 529 U.S. 362, 389 (2000). Instead, if a "federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." *Id.* The Court finds that the Magistrate Judge properly exercised independent judgment when applying the controlling federal law in the Report.

vanishes. *Id.* at 536. In that situation, "[d]ue process of law . . . requires that the accused . . . be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation." *Id.* at 537. Furthermore, due process requires "the assistance of counsel, if requested, and the right to call witnesses to give testimony." *Id.* In *Cooke*, the Court found that the deliverance of the letter did not constitute contempt in open court to justify the dispensation of the lawyer's due process rights, and accordingly, it reversed and remanded the lower court's decision. *Id.* at 538-40.

Even if the South Carolina Supreme Court adjudicated Petitioner's due process claim on its merits, its decision was contrary to or unreasonably applied *Cooke* as controlling federal law. First, the South Carolina Supreme Court fails to mention *Cooke* in its decision; therefore, it is unclear as to whether it even considered the controlling federal law. Second, even if the court did consider *Cooke*, it applied it unreasonably to the facts. As the Magistrate Judge acknowledges, Petitioner's submission of the allegedly forged letter did not constitute contempt in open court, just as the lawyer's submission of the letter in *Cooke* did not constitute contempt in open court. The trial judge did not have personal knowledge that Petitioner forged the letter, but instead had to rely on the testimony of a document expert and evidence put forth by the defendants. Without the trial judge having personal knowledge, the contempt cannot be said to have occurred under the eye or within the view of the court, and therefore, it did not occur in open court. Because the contempt occurred outside of open court, Petitioner was entitled to his due process rights, and as described by the Magistrate Judge, Petitioner was denied many of his rights, including his rights to counsel, notice, and the opportunity to be heard. Hence, by upholding the proceeding where the trial judge denied Petitioner many of his due process rights when convicting him of criminal contempt that occurred

4

outside of open court, the South Carolina Supreme Court arrived at a decision that was contrary to or unreasonably applied controlling federal law.

Second, Respondents object to the Magistrate Judge's finding that Petitioner did not receive notice of the criminal contempt proceeding, arguing that Petitioner was aware that the trial judge would rule on all pending motions, including those calling for criminal contempt, and therefore was on notice of the criminal contempt proceeding. The Court finds this objection to be without merit. As described by the Magistrate Judge, Petitioner was not given adequate and meaningful notice of an impending criminal contempt proceeding that could result in incarceration for six months.

Third, Respondents object to the Magistrate Judge's finding that Petitioner was denied his right to counsel, asserting that he waived this right by failing to obtain counsel before the proceeding. The Court finds this objection to be without merit and believes that the Report clearly outlines an individual's right to counsel at a criminal proceeding and how Petitioner was denied that right.

Fourth, Respondents object to the Magistrate Judge's determination that Petitioner was denied the opportunity to be heard, arguing that Petitioner had adequate notice and time to prepare for the criminal contempt proceeding. The Court finds this objection to be without merit and agrees with the Magistrate Judge's Report that Petitioner was denied the opportunity to be heard.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Respondents' objections, adopts the Report to the extent that it is not inconsistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's motion for summary judgment be **GRANTED**.

Finally, the victims of the alleged forged letter (Applicants) seek to intervene for the limited purposes of filing a Memorandum of Observations; serving, but not yet filing, a Motion for Sanctions under Rule 11(c)(2); and appearing solely with respect to the facts. They argue that Petitioner has presented an incomplete and distorted picture of the facts.

The Federal Rules of Civil Procedure provide for two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. P. 24. Intervention of right requires courts to allow one to intervene if they have "an unconditional right to intervene by a federal statute" or "a claim in interest relating to the property or transaction that is the subject of the action." *Id.* Moreover, Courts may allow one to intervene if they are "given a conditional right to intervene by a federal statute" or they have "a claim or defense that shares with the main action a common question of law or fact." *Id.* The Court finds that, in essence, Applicants seek to add to the factual record. This fails to satisfy the requirements for intervention of right or permissive intervention.

Therefore, it is the judgment of the Court that the motion to intervene be **DENIED**, and instead, the Court has construed Applicants' submissions as amicus briefs.

**IT IS SO ORDERED.**

Signed this 10th day of September, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE